**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. CR 1:18-CR-45 |
| v. | ) | |
| | ) | |
| TIMOTHY JERMAINE PATE | ) | |

**UNITED STATES' REQUEST FOR RECIPROCAL DISCOVERY & NOTICE OF AN INSANITY DEFENSE**

The United States files its Request for Reciprocal Discovery, pursuant to Federal Rules of Criminal Procedure 16(b), 12.2, 12.3, and 26.2.

The United States has complied with its discovery obligations under the Federal Rules of Criminal Procedure, *see* Fed. R. Crim. P. 16(a)(1), and has provided liberal discovery in this case. The United States, therefore, requests reciprocal discovery as set forth below. Should Defendant fail to provide such requested discovery or delay its disclosure, such failure should result in excluding such undisclosed evidence at trial. *See United States v. Eichholz*, No. CR409-166, 2009 WL 3754201, at *1 (S.D. Ga. Nov. 9, 2009) ("[T]he Court will not permit defendant to gain a tactical advantage over the prosecution by shirking its reciprocal discovery obligations. This Court has previously precluded a defendant from introducing evidence as a sanction for a discovery violation. It will not hesitate to do so again.").

The United States requests that Defendant permit it to inspect and to copy or photograph any books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items that are within Defendant's possession, custody, or control and that he intends to use in his case-in-

chief at trial. *See* Fed. R. Crim. P. 16(b)(1)(A). Moreover, the United States requests, pursuant to Rule 16(b)(1)(C), the results or report of physical or mental examinations and of scientific tests or experiments made in connection with this particular case, or copies thereof, within Defendant's possession or control, which he intends to introduce at trial or which was prepared by a witness whom Defendant intends to call at trial. The United States further requests a written summary of any expert testimony that Defendant intends to use as evidence at trial, including a description of the expert witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, as provided in Rule 16(b)(1)(C).

Pursuant to Rule 12.2, the United States requests that Defendant notify the United States within fourteen days of its intent to assert a defense of insanity at the time of the alleged offense or of any expert evidence relating to a mental disease or defect or any other mental condition of the defendant bearing on the issue of guilt. *See* Fed. R. Crim. P. 12.2. To the extent the Defendant provides such notice, the United States requests the Court order that Defendant be examined pursuant to 18 U.S.C. § 4242.

Pursuant to Rule 12.3, the United States requests written notice of any actual or believed exercise of public authority on behalf of a law enforcement agency or federal intelligence agency at the time of the offense.

Pursuant to Rule 26.2, the United States requests production of any defense witness's statement[1] in Defendant's possession, other than his own statement, that relates to the subject matter about which said witness will testify at trial. Though Rule 26.2 provides for production of Jencks Act materials only after direct examination, in view of the United States' own liberal discovery policy, and to avoid unnecessary delay in the trial of the case, the United States requests for early disclosure of these materials as well. *See Eichholz*, 2009 WL 3754201, at *1 (observing that "fairness is not a one-way street that runs only in a defendant's direction").

Pursuant to Rule 16(c), the United States requests that Defendant promptly disclose any discoverable material in which it becomes aware as part of its continuing disclosure duty.

RESPECTFULLY SUBMITTED this 29th day of November 2018.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

/s/ Chris Howard
Chris Howard
Assistant United States Attorney
N.Y. Bar No. 4935938

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422
E-mail: christopher.howard@usdoj.gov

[1] The term "statement" is to be construed as defined in Rule 26.2 and codified at 18 U.S.C. § 3500.

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 29th day of November, 2018.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

*/s/ Chris Howard*
Chris Howard
Assistant United States Attorney

Post Office Box 8970
Savannah, Georgia 31401
Telephone No: (912) 201-2594