**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. CR 1:18-CR-45 |
| v. | ) | |
| | ) | |
| TIMOTHY JERMAINE PATE | ) | |
| a/k/a "AKENATEN ALI" | ) | |

**UNITED STATES' PROPOSED JURY INSTRUCTIONS**

The United States requests that the Court charge the jury on the following subjects, except as noted below, as taken from the Eleventh Circuit Pattern Jury Instructions dated April 6, 2016, last revised January 24, 2019, and other authorities as noted:

**TABLE OF CONTENTS**

**PRELIMINARY INSTRUCTIONS**

**P1 Criminal Cases**

**BASIC INSTRUCTIONS**

**B1 Face Page - Introduction**

**B2.1 Duty to Follow Instructions and the Presumption of Innocence**

**B2.2 Duty to Follow Instructions and the Presumption of Innocence when a Defendant does not Testify**

**B3 Definition of Reasonable Doubt**

**B4 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

**B5 Credibility of Witnesses**

**B8 Introduction to Offense Instructions**

**B9.2 On or About a Particular Date; Knowingly**

**B10.2 Caution: Punishment (Single Defendant, Multiple Counts)**

**B11 Duty to Deliberate**

**B12 Verdict**

**SPECIAL INSTRUCTIONS**

**S3 Identification Testimony**

**S5 Note-taking**

**OFFENSE INSTRUCTIONS**

**G1 Retaliating against a Federal official by false claim**

**G2 False Bankruptcy Declaration**

**P1**
**Preliminary Instructions – Criminal Cases**

Members of the Jury:

Now that you have been sworn, I need to explain some basic principles about a criminal trial and your duty as jurors. These are preliminary instructions. At the end of the trial I will give you more detailed instructions.

Duty of jury:

It will be your duty to decide what happened so you can determine whether the defendant is guilty or not guilty of the crime charged in the indictment. At the end of the trial, I will explain the law that you must follow to reach your verdict. You must follow the law as I explain it to you even if you do not agree with the law.

What is evidence:

You must decide the case solely on the evidence presented here in the courtroom. Evidence can come in many forms. It can be testimony about what someone saw or heard or smelled. It can be an exhibit admitted into evidence. It can be someone's opinion. Some evidence proves a fact indirectly, such as a witness who saw wet grass outside and people walking into the courthouse carrying wet umbrellas. Indirect evidence, sometimes called circumstantial evidence, is simply a chain of circumstances that proves a fact. As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind and should give every piece of evidence whatever weight you think it deserves.

What is not evidence:

Certain things are not evidence and must not be considered. I will list them for you now:

- Statements and arguments of the lawyers. In their opening statements and closing arguments, the lawyers will discuss the case, but their remarks are not evidence;

- Questions and objections of the lawyers. The lawyers' questions are not evidence. Only the witnesses' answers are evidence. You should not think that something is true just because a lawyer's question suggests that it is. For instance, if a lawyer asks a witness, "you saw the defendant hit his sister, didn't you?" – that question is no evidence whatsoever of what the witness saw or what the defendant did, unless the witness agrees with it.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, then the question may be answered or the exhibit received. If I sustain the objection, then the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and not try to guess what the answer would have been.

Sometimes I may order that evidence be stricken and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider that evidence.

Some evidence is admitted only for a limited purpose. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and no other.

<u>Credibility of witnesses:</u>

In reaching your verdict, you may have to decide what testimony to believe and what testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

- The opportunity and ability of the witness to see or hear or know the things testified to;
- The witness's memory;
- The witness's manner while testifying;
- The witness's interest in the outcome of the case and any bias or prejudice;
- Whether other evidence contradicted the witness's testimony;
- The reasonableness of the witness's testimony in light of all the evidence; and
- Any other factors that bear on believability.

I will give you additional guidelines for determining credibility of witnesses at the end of the case.

<u>Rules for criminal cases:</u>

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First, the defendant is presumed innocent until proven guilty. The indictment against the defendant brought by the government is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case. The defendant has no burden to prove [his] [her] innocence or to present any evidence, or to testify. Since the defendant has the right to remain silent and may choose whether to testify, you cannot legally put any weight on a defendant's choice not to testify. It is not evidence.

Third, the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that the level of proof required is high.

Conduct of the jury:

Our law requires jurors to follow certain instructions regarding their personal conduct in order to help assure a just and fair trial. I will now give you those instructions:

1. Do not talk, either among yourselves or with anyone else, about anything related to the case. You may tell the people with whom you live and your employer that you are a juror and give them information about when you will be required to be in court, but you may not discuss with them or anyone else anything related to the case.

2. Do not, at any time during the trial, request, accept, agree to accept, or discuss with any person, any type of payment or benefit in return for supplying any information about the trial.

3. You must promptly tell me about any incident you know of involving an attempt by any person to improperly influence you or any member of the jury.

4. Do not visit or view the premises or place where the charged crime was allegedly committed, or any other premises or place involved in the case. And you must not use Internet maps or Google Earth or any other program or device to search for a view of any location discussed in the testimony.

5. Do not read, watch, or listen to any accounts or discussions related to the case which may be reported by newspapers, television, radio, the Internet, or any other news media.

6. Do not attempt to research any fact, issue, or law related to this case, whether by discussions with others, by library or Internet research, or by any other means or source.

In this age of instant electronic communication and research, I want to emphasize that in addition to not talking face to face with anyone about the case, you must not communicate with anyone about the case by any other means, including by telephone, text messages, email, Internet chat, chat rooms, blogs, or social-networking websites such as Facebook, My Space, or Twitter.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also must not use Google or otherwise search for any information about the case, or the law that applies to the case, or the people involved in the case, including the defendant, the witnesses, the lawyers, or the judge. It is important that you understand why these rules exist and why they are so important:

Our law does not permit jurors to talk with anyone else about the case, or to permit anyone to talk to them about the case, because only jurors are authorized to render a verdict. Only you have been found to be fair and only you have promised to be fair – no one else is so qualified.

Our law also does not permit jurors to talk among themselves about the case until the court tells them to begin deliberations, because premature discussions can lead to a premature final decision.

Our law also does not permit you to visit a place discussed in the testimony. First, you can't be sure that the place is in the same condition as it was on the day in question. Second, even if it were in the same condition, once you go to a place discussed in the testimony to evaluate the evidence in light of what you see, you become a witness, not a juror. As a witness, you may now have a mistaken view of the scene that neither party may have a chance to correct. That is not fair.

Finally, our law requires that you not read or listen to any news accounts of the case, and that you not attempt to research any fact, issue, or law related to the case. Your decision must be based solely on the testimony and other evidence presented in this courtroom. Also, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me, and not from any other source. It wouldn't be fair to the parties for you to base your decision on some reporter's view or opinion, or upon other information you acquire outside the courtroom.

These rules are designed to help guarantee a fair trial, and our law accordingly sets forth serious consequences if the rules are not followed. I trust that you understand and appreciate the importance of following these rules, and in accord with your oath and promise, I know you will do so.

<u>Taking notes</u>:

Moving on now, if you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you so that you do not hear other answers by witnesses. When you leave the courtroom, your notes should be left in the jury room. Whether or not you take notes, you should rely on your own memory of what was said. Notes are to assist your memory only. They are not entitled to any greater weight than your memory or impression about the testimony.

Course of the trial:

The trial will now begin. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it comes in. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor argument.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if [he] [she] wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and I will instruct you on the law. After that, you will go to the jury room to decide your verdict.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**B1**
**Face Page - Introduction**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA

CASE NO. 1:18-CR-45

-vs-

TIMOTHY JERMAINE PATE
a/k/a "AKENATEN ALI"

COURT'S INSTRUCTIONS
TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**B2.1**

**The Duty to Follow Instructions And the Presumption of Innocence**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a defendant isn't evidence of guilt. The law presumes every defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**ANNOTATIONS AND COMMENTS**

*In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 1073, 25 L. Ed. 2d 368 (1970) (The due process clause protects all criminal defendants "against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged."); see also *Harvell v. Nagle*, 58 F.3d 1541, 1542 (11th Cir. 1995), *reh'g denied*, 70 F.3d 1287 (11th Cir. 1995).

**B2.2**
**The Duty to Follow Instructions and the Presumption Of Innocence When a Defendant Does Not Testify**

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove his innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

**ANNOTATIONS AND COMMENTS**

*United States v. Teague*, 953 F.2d 1525, 1539 (11th Cir. 1992), *cert. denied*, 506 U.S. 842, 113 S. Ct. 127, 121 L. Ed. 2d 82 (1992), Defendant who does not testify is entitled to instruction that no inference may be drawn from that election; *see also United States v. Veltman*, 6 F.3d 1483, 1493 (11th Cir. 1993) (Court was "troubled" by "absence of instruction on the presumption of innocence at the beginning of the trial… Although the court charged the jury on the presumption before they retired to deliberate, we believe it extraordinary for a trial to progress to that stage with nary a mention of this jurisprudential bedrock.")

**B3**
**Definition of "Reasonable Doubt"**

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all possible doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

**ANNOTATIONS AND COMMENTS**

***United States v. Daniels***, 986 F.2d 451 (11th Cir. 1993), opinion readopted on rehearing, 5 F.3d 495 (11th Cir. 1993), ***cert. denied***, 511 U.S. 1054, 114 S. Ct. 1615, 128 L. Ed. 2d 342 (1994) approves this definition and instruction concerning reasonable doubt; ***see also United States v. Morris***, 647 F.2d 568 (5th Cir. 1981); ***Victor v. Nebraska***, 511 U.S. 1, 114 S. Ct. 1239, 127 L. Ed. 2d 583 (1994) (discussing "reasonable doubt" definition and instruction).

**B4**
**Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**ANNOTATIONS AND COMMENTS**

*United States v. Clark*, 506 F.2d 416 (5th Cir. 1975), *cert. denied*, 421 U.S. 967, 95 S. Ct. 1957, 44 L. Ed. 2d 454 (1975) approves the substance of this instruction concerning the lack of distinction between direct and circumstantial evidence; *see also United States v. Barnette*, 800 F.2d 1558, 1566 (11th Cir. 1986), *reh'g denied*, 807 F.2d 999 (11th Cir. 1986), *cert. denied*, 480 U.S. 935, 107 S. Ct. 1578, 94 L. Ed. 2d 769 (1987) (noting that the "test for evaluating circumstantial evidence is the same as in

evaluating direct evidence") (citing *United States v. Henderson*, 693 F.2d 1028, 1030 (11th Cir. 1982)).

*United States v. Hope*, 714 F.2d 1084, 1087 (11th Cir. 1983) ("A trial judge may comment upon the evidence as long as he instructs the jury that it is the sole judge of the facts and that it is not bound by his comments and as long as the comments are not so highly prejudicial that an instruction to that effect cannot cure the error.") (citing *United States v. Buchanan*, 585 F.2d 100, 102 (5th Cir. 1978)). *See also United States v. Jenkins*, 901 F.2d 1075 (11th Cir. 1990).

*United States v. Granville*, 716 F.2d 819, 822 (11th Cir. 1983) notes that the jury was correctly instructed that the arguments of counsel should not be considered as evidence (citing *United States v. Phillips*, 664 F.2d 971, 1031 (5th Cir. 1981)); *see also United States v. Siegel*, 587 F.2d 721, 727 (5th Cir. 1979).

For an alternative description of evidence, see Preliminary Instruction, "what is evidence."

**B5**
**Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?
- Did the witness have any particular reason not to tell the truth?
- Did the witness have a personal interest in the outcome of the case?
- Did the witness seem to have a good memory?
- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?
- Did the witness appear to understand the questions clearly and answer them directly?
- Did the witness's testimony differ from other testimony or other evidence?

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

## B8
## Introduction to Offense Instructions

The indictment charges twenty-one separate crimes, called "counts," against the Defendant. Each count has a number. You'll be given a copy of the indictment to refer to during your deliberations.

Counts One through Ten and Counts Sixteen through Twenty-One charge that the Defendant filed false liens and encumbrances against the real and personal property of officers and employees of the United States, on account of the performance of official duties by those individuals, knowing and having reason to know that such liens and encumbrances were false and contained materially false, fictitious, and fraudulent statements and representations.

Counts Eleven through Fifteen charge that Defendant knowingly and fraudulently made a material false declaration, certificate, verification, and statement under penalty of perjury in and in relation to a case under Title 11 by submitting an Involuntary Petition falsely and fraudulently claimed certain listed individuals owed him listed amounts and that such debt was not disputed.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**B9.2**
**On or About a Particular Date; Knowingly**

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the offense occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

**ANNOTATIONS AND COMMENTS**

United States v. Creamer, 721 F.2d 342, 343 (11th Cir. 1983), "on or about" language upheld in case in which alibi defense was used by the defendant; the court "rejected the contention that time becomes a material element of a criminal offense merely because the defense of alibi is advanced." *See also United States v. Reed*, 887 F.2d 1398 (11th Cir. 1989), *reh'g denied*, 891 F.2d 907 (1989), *cert. denied*, 493 U.S. 1080, 110 S. Ct. 1136, 107 L. Ed. 2d 1041 (1990).

**B10.2**
**Caution: Punishment**
**(Single Defendant, Multiple Counts)**

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

**ANNOTATIONS AND COMMENTS**

There may be cases in which the last sentence of the first paragraph of this instruction is inappropriate and should be deleted. This may occur, for example, in prosecutions under 18 U.S.C. § 1962 (RICO offenses) or 21 U.S.C. § 848 (Continuing Criminal Enterprise offenses) where the indictment is structured so that a conviction of one count or counts (sometimes called "predicate offenses") is necessary to a conviction of another count or counts.

**B11**
**Duty to Deliberate**

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**ANNOTATIONS AND COMMENTS**

*See United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979); *United States v. Dunbar*, 590 F.2d 1340 (5th Cir. 1979).

**B12**
**Verdict**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

**ANNOTATIONS AND COMMENTS**

*United States v. Norton*, 867 F.2d 1354, 1365-66 (11th Cir. 1989), *cert. denied*, 491 U.S. 907, 109 S. Ct. 3192, 105 L. Ed. 2d 701 (1989) and 493 U.S. 871, 110 S. Ct. 200, 107 L. Ed. 2d 154 (1989) notes that the Court should not inquire about, or disclose, numerical division of the jury during deliberations but states that "[r]eversal may not be necessary even where the trial judge undertakes the inquiry and thereafter follows it with an *Allen* charge, absent a showing that either incident or a combination of the two was inherently coercive." See *United States v. Brokemond*, 959 F.2d 206, 209 (11th Cir. 1992). *See also United States v. Cook*, 586 F.2d 572 (5th Cir. 1978), *reh'g denied*, 589 F.2d 1114 (1979), *cert. denied*, 442 U.S. 909, 99 S. Ct. 2821, 61 L. Ed. 2d 274 (1979).

**S3**

**Identification Testimony**

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

**ANNOTATIONS AND COMMENTS**

*See United States v. Martinez*, 763 F.2d 1297, 1304 (11th Cir. 1985).

**S5**
**Note-taking**

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**ANNOTATIONS AND COMMENTS**

No annotations associated with this instruction.

**G1**
**Retaliating against a Federal official by false claim**

It's a Federal crime to file a false lien against a United States employee or official on account of that person's performance of his or her official duties.

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1) the Defendant filed or attempted to file a document in a public record or a private record generally available to the public;

(2) the filing contains any false lien or encumbrance against the real or personal property of a federal employee or official;

(3) Defendant filed the document on account of the federal employee or official's performance of his/her official duties; and

(4) Defendant knew or had reason to know that the lien or encumbrance was false or contained any materially false, fictitious, or fraudulent representations.

A statement is "false" if it is untrue, or is made with reckless indifference for the truth. A statement can be false if it is half true, or omits or conceals a "material" fact.

A "material" fact is a fact that tends to influence a decision of the person to whom it is addressed. A statement can be "material" even if nobody was actually influenced in any way.

A "lien" is a legal right or interest that a creditor has in another's property to secure payment of a debt or performance of an obligation.

An "encumbrance" is a claim or liability that is attached to property and that may lessen its value.

For purposes of this instruction, a lien or encumbrance need not be valid, nor must you find that it actually impaired the government employee's property rights or interests.

In determining whether Defendant had reason to know that the lien or encumbrance was false, you may consider what information the Defendant had and what a reasonable person would infer from that information.

A "federal employee or official" includes Judges and employees of the United States District Courts and United States Bankruptcy Courts, as well as officials and employees of the Internal Revenue Service and Department of Treasury.

**ANNOTATIONS AND COMMENTS**

The elements come from *United States v. Garringer*, 713 F. App'x 894, 895 (11th Cir. 2017), *cert. denied,* 139 S. Ct. 112, 202 L. Ed. 2d 72 (2018)

The definitions come from the final jury instructions given in *United States v. Kozak*, No. 8:12-CR-344-JFB, 2014 WL 6686005 (D. Neb. Aug. 13, 2014) and *United States v. Gullett*, No. CR14-00725-CAS, 2016 WL 4429276 (C.D. Cal., Aug. 3, 2016).

The subjective and objective components of the inquiry regarding the reasonableness of Defendant's belief is discussed in *United States v. Williamson*, 746 F.3d 987, 994 (10th Cir. 2014). "This standard may be said to include both a subjective component (that is, what information this particular defendant had) and an objective component (what a reasonable person would infer from that information)." *Id.* In that case, the Court recognized that "a defendant can be guilty even if he honestly believed that he filed a proper lien so long as the belief was not a reasonable one." *Id.*

It is immaterial whether the documents were legally sufficient, were filed properly, or actually impaired an official's property. *See Garringer*, 713 F. App'x at 896. As courts have recognized, "the harm the statute protects against arises from the nature of the documents to be filed, not the validity of the documents." *United States v. Neal*, 776 F.3d 645, 653–54 (9th Cir. 2015); *United States v. Jordan*, 851 F.3d 393, 397–98 (5th Cir.), *cert. denied,* 138 S. Ct. 137 (2017). "No doubt the filing would not have succeeded in perfecting a priority claim to any property as a matter of commercial law. But that is not a defense." *United States v. Reed*, 668 F.3d 978, 984 (8th Cir. 2012); *see also United States v. Davenport*, 515 F. App'x 681, 681–82 (9th Cir. 2013)

(rejecting argument that documents entitled “Notice of Claim of Maritime Lien” listing vessels identified by officials’ names could not be basis of conviction because they were not valid liens, and noting that statute was meant to penalize those who file false liens).

## G2
## False Bankruptcy Declaration or Statement under Penalty of Perjury

It's a Federal crime to make a false declaration or statement under penalty of perjury in a Federal bankruptcy case.

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1) there was a bankruptcy proceeding;

(2) Defendant made a declaration or statement under penalty of perjury in relation to the proceeding;

(3) the declaration or statement concerned a material fact;

(4) the declaration or statement was false; and

(5) Defendant made the declaration or statement knowingly and fraudulently.

The government does not have to prove that a loss was suffered as a result of a false statement made in the course of the bankruptcy proceeding.

A claim is "fraudulently" made if it is intended to deceive or to cheat, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

A declaration or statement is "material" when it has a natural tendency to influence or is capable of influencing the decision of the person or entity to whom or to which it is addressed. It is irrelevant whether the false declaration or statement actually influenced or affected the decision-making process. A false declaration or statement can be material even if the decision maker did not actually rely on the

declaration, or even if the decision maker actually knew or should have known that the declaration was false.

**ANNOTATIONS AND COMMENTS**

The elements come from *United States v. Grant*, 850 F.3d 209, 214 (5th Cir.), *cert. denied,* 138 S. Ct. 257 (2017).

The definitions come from Eric Wm. Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § 152(3) (2019 Online Edition) (citing *United States v. Gellene*, 182 F.3d 578, 588 (7th Cir. 1999); *United States v. Sarihifard*, 155 F.3d 301, 306 (4th Cir. 1998); and *United States v. O'Connor*, 158 F. Supp. 2d 697, 727 (E.D. Va. 2001)), and from the instructions given in *United States v. Tran*, 3:04-CR-103, 2005 WL 5878428 (N.D. Fla. Feb. 10, 2005) and *United States v. Walker*, No. 1:12-CR-1, 2015 WL 7713931 (M.D. Ga. Nov. 19, 2015).

Whether the false information ultimately affected the outcome of the bankruptcy process is irrelevant in assessing its materiality. *See United States v. Lindholm*, 24 F.3d 1078, 1083 (9th Cir. 1994); *United States v. Sarihifard*, 155 F.3d 301, 306 (4th Cir. 1998) ("It is irrelevant whether the false statement actually influenced or affected the decision-making process of the agency or fact finding body.").

RESPECTFULLY SUBMITTED this 6th day of September 2019.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

***/s/ Chris Howard***

Chris Howard
Assistant United States Attorney
N.Y. Bar No. 4935938

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422
E-mail: christopher.howard@usdoj.gov