**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CASE NO. CR 1:18-CR-45 |
| v. | ) | |
| | ) | |
| TIMOTHY JERMAINE PATE | ) | |
| a/k/a "AKENATEN ALI" | ) | |

**UNITED STATES' MOTION IN LIMINE**

The United States files this Motion in Limine to preclude certain evidence at trial.

## I. Defendant Should be Precluded from Offering Any Evidence of a Mental Defect.

The United States moves to preclude Defendant from asserting at trial—or offering any evidence relating to—an insanity defense or any expert evidence relating to a mental disease or defect. Defendant has not provided the requisite notice of an insanity defense or notice of expert evidence of a mental condition nor made any required expert disclosures. *See* Fed. R. Crim. P. 12.2(a)–(b). The Court may exclude such undisclosed and unnoticed evidence. Fed. R. Crim. P. 12.2(d)(1). Further, any insanity defense or evidence offered of a mental defect would be particularly inappropriate at this late stage since Defendant, through his attorney, stipulated to the factual accuracy of the psychiatric examination report finding he suffered from no mental defect, dkt. No. 47, and he lodged no objection to the Magistrate Court's Report and Recommendation finding that he was not insane at the time of the offenses, dkt. No. 49. Accordingly, any evidence relating to an insanity defense or a mental disease or defect is properly excluded.

## II. Defendant Should Be Precluded From Offering Alibi Evidence and Evidence Subject to Reciprocal Discovery.

First, Defendant should be precluded from calling any alibi witnesses. Pursuant to Federal Rule of Criminal Procedure 12.1, the Court may exclude the testimony of any undisclosed witness regarding a defendant's alibi. Fed. R. Crim. P. 12.1(e). Here, the United States requested notice of Defendant's alibi defense; Defendant did not identify any alibi defense, but instead represented that he will not be pursuing an alibi defense in this case. *See* Dkt. No. 58 at 1. Consequently, to the extent Defendant attempts to elicit testimony from a witness concerning an alibi, such evidence is properly excluded.

Second, Defendant should be precluded from offering any undisclosed evidence subject to reciprocal discovery. The United States requested reciprocal discovery via letter and Motion, seeking production of items listed in Rule 16(b)(1). Dkt. No. 58. Defendant, through his counsel, represented that the defense does not have any items subject to reciprocal discovery. Accordingly, to the extent Defendant attempts to offer at trial any undisclosed evidence subject to Rule 16(b)(1), such evidence is properly excluded. *See, e.g.*, *United States v. Petrie,* 302 F.3d 1280, 1288–89 (11th Cir. 2002) (affirming district court's exclusion of defense evidence not produced to the government as reciprocal discovery pursuant to Rule 16(b)); *United States v. Prather*, 205 F.3d 1265, 1271-72 (11th Cir. 2000) (same).

## III. Defendant Should Be Precluded From Questioning any Witness or Addressing the Jury During Opening Statement and Closing Argument.

Defendant is represented by counsel in this case. Just as he is limited in his ability to submit pro se filings while represented by counsel, *see* S.D. Ga. LCrR 44.2, he also should be limited in the questioning of witnesses. The United States requests that Defendant be precluded from questioning witnesses or addressing the jury in

opening and closing statements; instead, any defense questioning or statements made during opening and closing arguments ought to come from Defendant's attorney.

## IV. Defendant Should Be Precluded From Claiming Ignorance of the Law as a Defense.

The United States moves to preclude Defendant and his counsel from arguing to the jury that he is not guilty of the charged crimes because he was unaware his actions were unlawful; similarly, the United States moves to preclude Defendant and his counsel from otherwise presenting evidence of Defendant's personal views of the law. In particular, based on Defendant's filings in this case, the United States expects Defendant to argue that his conduct was lawful in accordance with the UCC under the "redemptionist" theory.[1] Such argument or evidence is irrelevant, violates the precept that the Court determines the law, and will confuse the jury.

---

[1] Courts have described the "redemptionist" theory as follows:

> "Redemption" is an anti-government scheme that utilizes commercial law to harass and terrorize its targets. It is increasingly popular among prison populations. This theory advocates that an individual can 'redeem' himself through the filing of commercial documents. According to the theory, the convict has a split personality: a real person and a fictional person called a "strawman." The strawman came into being when the United States went off the gold standard in 1933 and pledged its citizens as collateral for its national debt. Proponents of the theory believe that the government only has power over the strawman and not the real person. The real person, however, can "redeem" the fictional person by filing a UCC financing statement. This allows the real person to acquire an interest in the fictional person that trumps the government's power. Redemption theorists believe that the government must pay the real persons millions of dollars to use the strawman's name or keep him in custody. If the official refuses to pay, the real person can file a lien. The official is encouraged to release the convict from custody to avoid this situation . . . .

*Marshall v. Fla.*, No. 10-20227, 2010 WL 1248846, at *1 n.2 (S.D. Fla. Feb. 1, 2010).

First, the evidence is not relevant. The Supreme Court has "long recognized the common maxim, familiar to all minds, that ignorance of the law will not excuse any person, either civilly or criminally." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 581 (2010) (quoting *Barlow v. United States*, 7 Pet. 404, 411 (1833)). "The general rule that ignorance of the law or a mistake of law is no defense to criminal prosecution is deeply rooted in the American legal system." *Cheek v. United States*, 498 U.S. 192, 199 (1991). Neither of the charged offenses here require the United States to prove Defendant acted willfully – only knowingly. *See* 18 U.S.C. §§ 152(3), 1521; *United States v. Grant*, 850 F.3d 209, 214 (5th Cir. 2017) (setting forth elements for § 152(3); *United States v. Garringer*, 713 F. App'x 894, 895 (11th Cir. 2017). Indeed, Defendant can be guilty even if he honestly believed that he filed a proper lien, so long as the belief was not a reasonable one. *See United States v. Williamson*, 746 F.3d 987, 994 (10th Cir. 2014). Section 1521 prohibits not only filing a false lien "knowing" that the lien was false, but also filing a false lien "having reason to know" that it was false. *Id.* In other words, the element is met if a reasonable person with the same information would have known the lien was false. *Id.*

As another District Court has found in precluding evidence of Defendant's view of the law in a similar false lien case, "[t]he Government correctly observes that [Defendant's] intentions and whether she was mistaken regarding the law or the lawfulness of her actions is not relevant to the burden of proof for a Section 1521 violation. Rather, under Section 1521 the focus is on whether she knew or had reason

to know the *lien* itself was false." *United States v. Phillips*, No. 1:12-CR-872, 2014 WL 2801323, at *2 (N.D. Ill. June 12, 2014) (emphasis in original). Since evidence and argument of Defendant's personal view of the law is irrelevant, it is properly excluded.

Second, permitting Defendant or his counsel to opine on his personal views of the law would invade the Court's province to instruct the jury on the law. "Each courtroom comes equipped with a 'legal expert,' called a judge, and it is his or her province alone to instruct the jury on the relevant legal standards." *Burkhart v. Wash. Metro. Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997). "Let there be no doubt, it is *the Court* that will provide the jury with the relevant law by way of the jury instructions." *Phillips*, 2014 WL 2801323 at *2 (emphasis in original).

Third, permitting Defendant to introduce evidence of or opine on his views of the law would create juror confusion. *See id.* ("[A]llowing [Defendant] to interject her personal legal theories would certainly confuse the jury, contrary to Federal Rule of Evidence 403."). This case involves numerous legal-sounding documents that Defendant filed. Should the jury wonder if Defendant believed he was acting lawfully or be tasked with wading through UCC provisions—which is unwarranted since Defendant's views of the law have no bearing on his guilt or innocence—such confusion will be magnified if Defendant were allowed to argue his own views of the law during trial. Because the danger that the jury would be confused and mislead by Defendant's views of the law substantially outweighs whatever marginal probative value such argument and evidence may have, the evidence is properly excluded.

Accordingly, the United States requests that the Court prohibit Defendant and his attorney from making any argument to the jury that he did not appreciate the illegality of his actions or believed, based on his personal views of the law or on the UCC or other legal authorities, that his conduct was legal.

RESPECTFULLY SUBMITTED this 6th day of September 2019.

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

/s/ Chris Howard
Chris Howard
Assistant United States Attorney
N.Y. Bar. No. 4935938

Post Office Box 8970
Savannah, Georgia 31412
Telephone Number: 912-652-4422