IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Case Number 1:18-CR-00045 |
| TIMOTHY PATE, | ) | |
| defendant. | ) | |
| | ) | |
| | ) | |

MOTION IN LIMINE

COMES NOW, Defendant by and through undersigned counsel who files this Motion in Limine to exclude any evidence of a sexual in nature relationship between the defense witness Antoinette Pate and the Defendant and states as follows:

1. On or about August 29, 2018, law enforcement arrested Defendant at his hotel room in Augusta, GA.
2. Present in the hotel room was Antoinette Pate who is the Defendant's daughter and also lived in the same hotel room for the previous 2 years. See Exhibit A.
3. Details not revealed in Exhibit A based on representations from opposing counsel and law enforcement indicate that both Anoinette Pate and Defendant may have been sleeping in the same bed and one or the other with not clothes at the time law enforcement entered the room and subsequently arrested Defendant on the instant charges.

4. Such details if illicit on cross examination would be speculating as to the nature of Defendant's relationship with his daughter that are not pertinent to the instant matter except to show bias.

5. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed R. Evid. 403.

6. Even in a case involving sexual abuse of two of a defendant's children, it is improper to admit into evidence testimony of a defendant's daughters that he had sexually abused them as children and had impregnated one of them at age of fifteen, nine years before present trial, even if evidence was relevant, it was inadmissible under Fed. R. Evid. 403 standard; evidence that defendant had sexually abused his daughters and had fathered child with one of them would have been so inflammatory on its face as to divert jury's attention from material issues in current trial. United States v. Fawbush, 634 F.3d 420 (8th Cir. 2011).

7. Evidence is unduly prejudicial if it creates genuine risk that emotions of jury will be excited to irrational behavior, and risk is disproportionate to probative value of offered evidence; before admitting evidence, district court should weigh need for and probative value of evidence against potential harm that its admission might cause. United States v. Miller, 688 F.3d 322 (7th Cir. 2012).

8. Here, admission of evidence that there was a potentially inappropriate physical relationship between a father and a daughter would be grotesquely prejudicial to a jury

and would not provide any significant evidence of bias that would not already exist when a daughter testifies on behalf of her own parent.

WHEREFORE, pursuant to Fed. R. Evid. 403, the Defense respectfully moves to exclude any questioning on examination by the Government references to a sexual relationship between Defendant and Antoinette Pate.

THE NYE LAW GROUP, P.C.

/s/ Justin D. Maines

Justin D. Maines, Esq.
Ga. Bar # 549279
Attorney for Timothy Pate

2008 Whitaker Street
Savannah, GA 31401
(912) 200-5230 (O) - (912) 335-6553 (F)
email: jd@thenyelawgroup.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the notice of electronic case filing which was generated as a result of electronic filing in this Court.

Respectfully submitted this September 16, 2019.

/ s/ Justin D. Maines

Justin D. Maines
GA Bar No. 549279
Attorney for the Defendant

THE NYE LAW GROUP, P.C.
2008 Whitaker Street
Savannah, GA 31401
Phone: (912) 200-5230
Fax: (912) 335-6553