IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal Case Number 1:18-CR-00045 |
| TIMOTHY PATE, | ) | |
| defendant. | ) | |
| | ) | |
| | ) | |

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION IN LIMINE

COMES NOW, Defendant by and through undersigned counsel who objects in part to the Government's Motion in Limine (Doc-65) as it relates to Part IV of that Motion. Defendant is unopposed to the remainder of the Government's Motion in Limine (Doc-65). As it relates to Part IV of the Government's Motion, the Court cannot preclude the defense from arguing that the Government has not met the burden of proof as it relates to the element of criminal intent based on Defendant's subjective knowledge of the legality of his actions.

As it relates to the offense of Filing False Liens against Law Enforcement Officials in violation of 18 U.S.C. Sec. 1521, the Government must prove that "the individual filing knows or has reason to know that the lien or encumbrance is false or contains materially false, fictions, or fraudulent representations." However, in so much as this element can authorize a jury to find a defendant guilty where he or she "may have reason to know" such liens were false, the Defendant's subjective belief that he hard a legal right to regarding the lien is still relevant evidence as to the mental state element.

The Government cannot rely on mere negligence as an element of Defendant's scienter. Scienter is the "degree of knowledge that makes a person legally responsible for the consequences of his or her act or omission." Black's Law Dictionary 2nd Edition. If the Defendant were precluded from arguing Defendant did not subjectively believe any lien was false, then the Court would permit a mere negligence standard of criminal intent.

The negligence standard of criminal scienter is effectively a prosecutorial tool to establish criminal liability where a knowing act cannot be proved beyond a reasonable doubt and government seeks instead to meet a lower standard to show a defendant should have known the nature of his or her act. *See e.g.* "responsible officer doctrine" and United States v. Freeze Brothers, Inc., 602 F.2d 1123 (3d Cir. 1979). To sustain a conviction here using a mere negligence standard was suggested by the Government, all the Government would need do is establish whether a reasonable person would have reason to know that Defendant filed a false lien.

The "reason to know" standard is no different than the "reasonable person" standard commonly used in civil liability in tort law, "but is inconsistent with 'the conventional requirement for criminal conduct—*awareness* of some wrongdoing.'" Staples v. United States, 511 U.S., at 606-607, 114 S. Ct. 1793, 128 L. Ed. 2d 608 (quoting United States v. Dotterweich, 320 U.S. 277, 281, 64 S. Ct. 134, 88 L. Ed. 48 (1943); emphasis added).

Applying a mere "reason to know" standard to the mental state element in this case would violate Defendant's fundamental due process right that the "wrongdoing must be conscious to be criminal and that a defendant be "blameworthy in mind" before he can be found guilty. Morisette v. United States, 342 U.S. 246, 250, 72 S. Ct. 240 (1952). Recently,

the US Supreme Court overturned a conviction for transmitting threats in violation of U.S.C. Sec. 875(c) because the trial court instructed the jury that the government need only prove that a "reasonable person" would regard the defendant's communications as threats. Elonis v. United States, 135 S. Ct. 2001, 192 L. Ed. 2d 1 (2015).

While the axiom ignorance of the law is no defense in that the Government need not prove a defendant knew that his actions comprised a crime, this is not true in the instant case because knowledge of the legality itself is an element of the offense. The filing of liens is a discrete type of offense than those this normal axiom would apply to. The act element of the crime is a legal act itself- filing a false legal instrument. Where as here the act is a component of a legal action, then the "ignorance of law is no defense" axiom is inapplicable. "[A] guilty mind is a necessary element in the indictment and proof of every crime." Id. At 2009.

Therefore, the defendant's knowledge of the law directly relates to whether he had a criminal intent or knowledge as to the falsity of the lien itself and is therefore relevant to necessary element of the offense alleged in the above captioned indictment.

THE NYE LAW GROUP, P.C.

/s/ Justin D. Maines

Justin D. Maines, Esq.
Ga. Bar # 549279
Attorney for Timothy Pate

2008 Whitaker Street
Savannah, GA 31401
(912) 200-5230 (O) - (912) 335-6553 (F)
email: jd@thenyelawgroup.com

CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties in this case in accordance with the notice of electronic case filing which was generated as a result of electronic filing in this Court.

Respectfully submitted this September 16, 2019.

/ s/ Justin D. Maines
Justin D. Maines
GA Bar No. 549279
Attorney for the Defendant

THE NYE LAW GROUP, P.C.
2008 Whitaker Street
Savannah, GA 31401
Phone: (912) 200-5230
Fax: (912) 335-6553